IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CYNTHIA O'CONNER,                )
                                 )    2:11-cv-02803-GEB-CMK
          Plaintiff,             )
                                 )
     v.                          )    DISMISSAL ORDER
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Defendant.             )
_____)
```

Defendant seeks dismissal with prejudice of Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(h)(3), arguing Plaintiff failed to satisfy certain jurisdictional requirements of the Federal Tort Claims Act ("FTCA"). (Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 16.) Specifically, Defendant argues:

> [P]laintiff prematurely filed her complaint less than six months after presenting her administrative tort claim to the United States Department of Health and Human Services ("HHS"), in violation of 28 U.S.C. § 2675(a). Dismissal should be with prejudice because plaintiff did not file a timely complaint against the United States within six months after HHS denied her administrative tort claim as required by 28 U.S.C. § 2401(b).

(Def.'s Mot. 2:2-6.)

Plaintiff filed a Statement of Non-Opposition in response to Defendant's dismissal motion in which she states: "Plaintiff, CYNTHIA

1

O'CONNER, by and through her attorney of record herein, herewith states that she does not intend to oppose Defendants' [sic] Motion to Dismiss for Lack of Subject [Matter] Jurisdiction . . . , and hereby submits that she will file no opposition to the same." (Pl.'s Stmt. of Non-Opp'n, ECF No. 21.)

## I. FACTUAL SUMMARY

The following facts are taken from Plaintiff's Complaint and exhibits attached thereto, and Exhibit D to Defendant's dismissal motion.[1]

Plaintiff mailed an administrative tort claim to the Department of Health and Human Services ("HHS") on May 16, 2011, which HHS received on May 25, 2011. (Compl. ¶¶ 3-4; id., Exs. 1, 2, ECF No. 2.) Plaintiff filed her Complaint on October 24, 2011. (Compl.) HHS denied Plaintiff's administrative tort claim on January 26, 2012, in a letter that included the following statement: "[I]f [Plaintiff] is dissatisfied with this determination, she is entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of the mailing of this determination (28 U.S.C. § 2401(b))." (Def.'s Mot., Ex. D.) Plaintiff did not file a lawsuit against the United States as authorized by HHS in the January 26, 2012 letter.

---

[1] "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "Thus, the Court is not restricted to the face of the pleadings and 'may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.'" Coble v. DeRosia, 823 F. Supp. 2d 1048, 1050 (E.D. Cal. 2011) (quoting McCarthy v. United States, 850 F.2d 558, 569 (9th Cir. 1988)).

## II. DISCUSSION

Section 2675(a) of the FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

"[T]he statutory procedure is clear. A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992) (internal quotation marks omitted). "'[The] claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" Id. (quoting Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985)).

Further, once a federal agency denies an administrative tort claim, 18 U.S.C. § 2401(b) requires the claimant to file suit "within six months after the date of mailing, by certified or registered mail, of notice of [the] final denial of the claim by the agency." "A district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after final agency decision." Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002) (citing 28 U.S.C. § 2401(b)).

1  Plaintiff's October 24, 2011 Complaint was prematurely filed since it was filed less than six months after HHS received her administrative tort claim. Further, Plaintiff failed to file a lawsuit within six months after HHS denied her administrative tort claim in writing on January 26, 2012. Therefore, Defendant's dismissal motion is granted, and this action is dismissed with prejudice for lack of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106, 110-12 (1993) (affirming dismissal of pro se complaint filed prematurely under the FTCA where plaintiff did not commence a new action after receiving notice of the federal agency's denial of his administrative tort claim).

Dated:  May 31, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge